# EXHIBIT B

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back Location : All Courts Help

# REGISTER OF ACTIONS
## CASE NO. 19-09-11997

| | | | |
|---|---|---|---|
| Dustin Farris VS. State Farm Lloyds | § § § § § | Case Type: | **Contract** |
| | | | **Consumer/Comm/Debt** |
| | | | **>$100,000 but <$200,000** |
| | | Date Filed: | **09/03/2019** |
| | | Location: | **284th Judicial District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Attorneys** |
| Defendant | **State Farm Lloyds** | **M Micah Kessler** |
| | Corporation Service Company | *Retained* |
| | 211 East 7th Street, Suite 620 | 713-781-2889(W) |
| | Austin, TX 78701 | |
| | | |
| Plaintiff | **Farris, Dustin** | **Chad T. Wilson** |
| | | *Retained* |
| | | 832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

| | | | |
|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | |
| 09/03/2019 | **Original Petition (OCA)** | | |
| 09/03/2019 | **E-Filed Original Petition Document** | | |
| 09/03/2019 | **Request For Service** | | |
| 09/04/2019 | **Jury Trial Requested** | | |
| 09/04/2019 | **Jury Fee Paid** | | |
| 09/05/2019 | **Citation** | | |
| | State Farm Lloyds | Served | 09/16/2019 |
| | | Returned | 10/01/2019 |
| 10/01/2019 | **Letters** | | |
| 10/07/2019 | **Answer** | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff Farris, Dustin** | | |
| | Total Financial Assessment | | 340.00 |
| | Total Payments and Credits | | 340.00 |
| | **Balance Due as of 10/07/2019** | | **0.00** |
| | | | |
| 09/04/2019 | Transaction Assessment | | 340.00 |
| 09/04/2019 | E-File Electronic Payment    Receipt # 2019-244324 | Farris, Dustin | (340.00) |

# CITATION

Cause Number: 19-09-11997

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chad T. Wilson
455 East Medical Center Blvd Suite 555
Webster TX 77598

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:     State Farm Lloyds
        Corporation Service Company
        211 East 7th Street Suite 620
        Austin TX 78701
        **OR WHEREVER THE ADDRESSEE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 3rd day of September, 2019 numbered 19-09-11997 on the docket of said court, and styled, Dustin Farris vs. State Farm Lloyds

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 5th day of September, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_        9/5/2019 12:23:50 PM

Lauren Marquis, Deputy

## OFFICER'S RETURN

Cause No. 19-09-11997        Court No: 284th Judicial District Court

Style: Dustin Farris vs. State Farm Lloyds

To:         State Farm Lloyds

Address:     Corporation Service Company

              211 East 7th Street Suite 620

              Austin TX 78701

              OR WHEREVER THE ADDRESSEE MAY BE FOUND

Came to hand the ___ day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at the following times and places, to wit:

Name            Date/Time       Place, Course and distance from Courthouse

_____    _____    _____

Manner of service: _____

*And not executed as to the defendants(s) _____

The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

FEES:

Serving Petition and Copy   $_____

                               _____ OFFICER

TOTAL           $_____

                               _____ County, Texas

                  By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____

My date of birth is ___/___/___, and my address is

_____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Executed in_____, County, State of

_____, on the _____ day of _____, 20____.

_____

Declarant/Authorized Process Server

_____

ID# & Exp. Of Certification

_____

Declarant/Authorized Process Server

_____

ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____

DATE

_____

NOTARY



**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 20397278**
**Date Processed: 09/17/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Dustin Farris vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, TX |
| **Case/Reference No:** | 19-09-11997 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/16/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Received and E-Filed for Record
9/3/2019 4:36 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

19-09-11997

CAUSE NO. _____

| | | |
|---|---|---|
| DUSTIN FARRIS, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | Montgomery County - 284th Judicial District Court |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Dustin Farris, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Dustin Farris, resides in Montgomery County, Texas.

3.    Defendant, State Farm Lloyds, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon State Farm Lloyds through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.** Plaintiff requests service at this time.

## JURISDICTION

4.    The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.   TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiff owns a State Farm Lloyds insurance policy, number 53-C2T-3564 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 2426 Saint Beulah Chapel Road, Montgomery, Texas 77316 ("the Property").

8.    State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.  State Farm or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.   State Farm has refused the full extent of that coverage currently owed to Plaintiff.

9.    On or about March 18, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Montgomery, Texas area.

10.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to State Farm against

2

the Policy for damage to the Property.  State Farm assigned claim number 537729T56 to Plaintiff's claim.

11.    Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12.    Damaged areas of the property include, but are not limited to the roof, vents and flashings. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior:  baby's room and laundry room.

13.    State Farm assigned or hired John Altemose ("Altemose"), a claim representative, to adjust the claim.

    a.    Altemose had a vested interest in undervaluing the claims assigned to his by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Altemose. The valuation of damages that were included in Altemose's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Altemose.

    b.    Furthermore, Altemose was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Altemose had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.    Altemose made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d.    Altemose made further misrepresentations to Plaintiff during his inspection.

3

Altemose used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14.    State Farm, through its agents, namely Altemose, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.    The initial adjustment of the claim is suspected to have occurred on or around March 8, 2019.  Altemose found that there was no damage from a covered peril to the roof of the property.  Plaintiff has requested documents associated with his estimate, photographs, and other State Farm reports arising from Plaintiff's claim, but State Farm has refused to tender such materials on the basis that they "will not provide [Plaintiff] with internal work product."

16.    After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

17.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $30,536.00.

18.    Since due demand was made on May 29, 2019, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19.    As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant's

4

grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, State Farm failed to provide full coverage due under the Policy.

20.  As a result of State Farm's failure to provide full coverage, along with State Farm's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

21.  State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, State Farm refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

22.  Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between State Farm and Plaintiff.

23.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy.  Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

24.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

25.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, State Farm, through its agents,

5

servants, and representatives, namely Altemose, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

26.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

27.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

28.     Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

### BREACH OF CONTRACT

29.     All allegations above are incorporated herein.

30.     State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

31.   State Farm's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

32.   All allegations above are incorporated herein.

33.   State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34.   State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.   State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.   State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.   State Farm's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

7

38.     State Farm's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     All allegations above are incorporated herein.

40.     State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.     State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.     State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     All allegations above are incorporated herein.

44.     State Farm's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

8

## DTPA VIOLATIONS

46.    All allegations above are incorporated herein.

47.    State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    State Farm also represented to Plaintiff that the Policy and State Farm's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

9

E.   State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.   Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.   All allegations above are incorporated herein.

50.   State Farm is liable to Plaintiff for common-law fraud.

51.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and State Farm knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

10

52.   State Farm made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

### KNOWLEDGE

53.   Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

54.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

55.   Since the claim was made, State Farm has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56.   Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

57.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and

11

conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

58.   For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59.   The damage to Plaintiff's Property is currently estimated at $30,536.00.

60.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

62.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money State Farm owed, and exemplary damages.

63.   Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens

12

against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, State Farm Lloyds, be cited and served to appear, and that upon trial hereof, Plaintiff, Dustin Farris, has and recovers from Defendant, State Farm Lloyds, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Dustin Farris, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

**LEGAL DOCUMENT MANAGEMENT**
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240



7019 0140 0000 4210 8324

**CORPORATION SERVICE COMPANY**
**211 E. 7th STREET., #620**
**AUSTIN, TEXAS  78701**

Received and E-Filed for Record
10/7/2019 8:39 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Vanessa Medina

## CAUSE NO. 19-09-11997

| | | |
|---|---|---|
| **DUSTIN FARRIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| *Defendant*. | § | **284TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant State Farm Lloyds files this Original Answer and Defenses to Plaintiff's Original Petition:

## I.
## GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulted from any accidental direct physical loss during the policy period beyond those damages found by State Farm under the Policy.

3. **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

4. **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $2,534.00 deductible.

5. **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits. The Policy specifically provides:

**FE-3533.1 HOMEOWNERS POLICY ENDORSEMENT (Texas)**

**SECTION I - LOSS SETTLEMENT**

**COVERAGE A-DWELLING**

Items 1. and 2. are replaced by the following:

1. **A1** - **Replacement Cost Loss Settlement - Similar Construction.**

   a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations,** the damaged part of the property covered under **SECTION I - COVERAGES, COVERAGE A - DWELLING,** except for wood fences, subject to the following:

      (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

      (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations,** whichever is less;

      (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

      (4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of **a**

2

building or other structure, except as provided under **Option OL -
Building Ordinance or Law Coverage.**

Plaintiff lacks proof of completed repairs or replacement to any covered property

damage connected with his insurance claim. As such, Plaintiff's recovery in this case, if

any, is limited to the actual cash value of the covered property damage.

6. **Failure to Comply with Policy Conditions**: **Immediate Notice of Loss**.

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with

the following Policy conditions:

### SECTION I – CONDITIONS

\* \* \* \* \*

2. **Your Duties After Loss**. In case of a loss to which this insurance may apply,
   you shall see that the following duties are performed:

   a. give immediate notice to us or our agent…

Plaintiff reported the claim to State Farm on February 18, 2019, eleven (11) months

after the reported date of loss of March 18, 2018. Plaintiff's failure to provide immediate

notice of the loss to State Farm may have prejudiced State Farm's investigation of the

cause of the damage as additional damage may have occurred after the reported event.

7. **Cosmetic Damage Exclusion**. Plaintiff's claims are barred, in whole or in

part, because the claimed damage to Plaintiff's roof that predominates Plaintiff's claim is

excluded under the policy as cosmetic damage. The claimed damage on Plaintiff's roof,

if any, consists only of purely cosmetic marks that might have been caused by hail.

These cosmetic marks are expressly and unambiguously excluded by the following

language in the policy at issue:

### EXCLUSION OF COSMETIC LOSS TO
### METAL ROOF COVERINGS CAUSED BY HAIL

The following is added to **LOSSES NOT INSURED**:

We do not insure for **cosmetic loss** to **metal roof coverings** caused by hail.

As used in this endorsement:

3

1.   **cosmetic loss** means only that loss that alters the physical appearance of the **metal roof covering** but does not result in the penetration of water through the **metal roof covering** or does not result in the failure of the **metal roof covering** to perform its intended function of keeping out the elements over an extended period of time.

2.   **metal roof covering** means the metal roofing material exposed to the weather, the underpayments applied for moisture protection, and all flashings required in the replacement of a **metal roof covering**. We do cover loss by hail to **metal roof coverings** that will allow the penetration of water through the **metal roof covering** or that results in the failure of the **metal roof covering** to perform its intended function of keeping out the elements over an extended period of time.

The visible markings on Plaintiff's roof that Plaintiff or his representatives claimed to evidence hail did not result in the inability of the roof to perform its intended function. The roof has maintained its ability "keep out the elements" through the extended delay before Plaintiff submitted his claim. No damage has occurred to the roof from hail that would compromise the integrity of the roof to continue "keeping out the elements."

8.   **Wear and Tear, Deterioration, Rust.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear and related aging issues. The policy at issue provides that wear and tear does not fall under the coverage of the policy:

**SECTION I – LOSSES NOT INSURED**

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
   * * * * *

   g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

   h. corrosion, electrolysis or rust;
   * * * * *

   m. birds, vermin, rodents, insects, or domestic animals.

Part of the damages Plaintiff is claiming to his roof, to roofing appurtenances, to grout on exterior stone, and to other areas of the property occurred over time through wear, tear, deterioration, and rust. These conditions are not insured under the policy at issue.

9. **Rot**. Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by Rot. The policy at issue provides that rot does not fall under the coverage of the policy:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

### FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

### SECTION 1 – LOSSES NOT INSURED

Item 1.i is replaced with the following:

i. wet or dry rot

Part of the damages Plaintiff claims to the framing in his laundry room resulted from rot. This condition is not insured under the policy at issue.

10. **Defective Design and Workmanship.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by defective design and workmanship. The policy at issue provides that these conditions do not fall under the coverage of the policy:

### SECTION I – LOSSES NOT INSURED

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:

5

(a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

* * * * *

b. defect, weakness, inadequacy, fault or unsoundness in:

* * * * *

(2) design, specifications, workmanship, construction, grading, compaction;

(3) materials used in construction or repair; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises** . . .

Part of the damages Plaintiff is claiming to the property were caused by defective workmanship, construction, repairs or maintenance to Plaintiff's metal roof. These conditions are not insured under the policy at issue.

11.     **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

12.     **Cap on Punitive Damages.** Tex. Civ. Prac. and Rem. Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## PRAYER

Defendant prays that Plaintiff take nothing by his claims, and that Defendant recover its costs, fees, and expenses, and such other further relief to which Defendant may show itself to be justly entitled to, in law and in equity.

6

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**


By:   */s/ M. Micah Kessler*
      M. Micah Kessler
      State Bar No. 00796878
      Avniel J. Adler
      State Bar No. 24071933
  1900 West Loop South, Suite 800
  Houston, Texas 77027
  Telephone: (713) 781-2889
  Telecopier: (713) 781-7222
  Email: mkessler@nck-law.com
  Email: aadler@nck-law.com
  **COUNSEL FOR DEFENDANT**


## <u>CERTIFICATE OF SERVICE</u>

      I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 7, 2019, in the manner(s) prescribed below:

    Chad T. Wilson
    Amanda J. Fulton
    Chad T. Wilson Law Firm PLLC
    455 East Medical Center Blvd., Suite 555
    Webster, Texas 77598
    **VIA EFILE**

                    */s/ M. Micah Kessler*
                      M. Micah Kessler