United States District Court
Southern District of Texas
**ENTERED**
February 02, 2021
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DUSTIN FARRIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3872 |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion to Limit the Testimony of Plaintiff's Expert Kevin Funsch ("Funsch Motion") [Doc. # 20] filed by Defendant State Farm Lloyds ("State Farm"), seeking to limit the testimony of Plaintiff Dustin Farris's damages expert. Plaintiff filed a Response [Doc. # 24], and Defendant filed a Reply [Doc. # 36].

Also before the Court is State Farm's Motion to Exclude Testimony of Plaintiff's Expert Matthew Morgan ("Morgan Motion") [Doc. # 22], seeking to exclude testimony from Plaintiff's "bad faith" expert. Plaintiff filed a Response [Doc. # 25], and Defendant filed a Reply [Doc. # 35].

The Court has carefully reviewed the record in this case, including without limitation the experts' reports and deposition testimony. Based on that review and the application of relevant legal authorities, the Court **denies** the Funsch Motion based on

Funsch's assurance that he intends to present testimony on damages only, not on causation or coverage issues.  The Court **grants** the Morgan Motion.

## I.  BACKGROUND

State Farm issued an insurance policy, No. 53-C2T-3564 (the "Policy"), that provided coverage for Plaintiff's property located at 2426 Saint Beulah Chapel Road, Montgomery, Texas (the "Property").  Plaintiff alleges that the Property sustained severe damage from a wind and hail storm in March 2018.  Plaintiff filed his claim, number 537729T56, with State Farm on February 18, 2019.

On March 8, 2019, State Farm adjuster John Altemose inspected the Property. Altemose found no wind or hail damage to the Property, but found interior water damage in two rooms.  A second inspection by a different State Farm adjuster on July 30, 2019, confirmed Altemose's findings.  State Farm's estimate of the cost to repair this interior water damage was below the Policy deductible.

On September 3, 2019, Plaintiff filed this lawsuit in the 284th Judicial District Court of Montgomery County, Texas.  State Farm filed a timely Notice of Removal [Doc. # 1] on October 7, 2019.  Plaintiff alleges that the damage to the Property is estimated at $30,536.00.  *See* Petition [Doc. # 1-3], ¶ 17.

On July 24, 2020, Plaintiff filed his Designation of Expert Witnesses [Doc. # 16].  Plaintiff designated Dr. Neil Hall as his causation expert, Kevin Funsch as his

damages expert, and Matthew Morgan as his expert on claims handling.   On November 30, 2020, State Farm filed the pendings motions,[1] which have been fully briefed and are now ripe for decision.

## II.   APPLICABLE STANDARD FOR EXPERT OPINIONS

Witnesses who are qualified by "knowledge, skill, experience, training or education" may present opinion testimony to the jury.  FED. R. EVID. 702; *see, e.g., Whole Woman's Health v. Hellerstedt*, __ U.S. __, 136 S. Ct. 2292, 2316 (2016); *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) *(en banc)*; *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).  "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."  *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 623 (5th Cir. 2018).  "This is because '[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility.'"  *Id.* at 623-24 (quoting *Huss*, 571 F.3d at 452).  State Farm does not challenge the qualifications of Funsch or Morgan.

To be admissible, an expert's proffered testimony must be both relevant and reliable.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993); *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016).  The

---

[1]     State Farm also filed a Motion for Summary Judgment [Doc. # 19], which will be addressed separately.

expert testimony must be relevant and the expert's proposed opinion must be one that would assist the trier of fact to understand or decide a fact in issue. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015); *Bocanegra v. Vicar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (citing *Daubert*, 509 U.S. at 591-92).

To satisfy the "reliability" prong, a "party seeking to introduce expert testimony must show (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Huss*, 571 F.3d at 452 (citing *Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 227 (5th Cir. 2007)); *see also Carlson*, 822 F.3d at 199. "Reliability" requires that the proponent of the expert testimony must present some objective, independent validation of the expert's methodology. *See Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013). The objective of the Court's gatekeeping role is to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 269 (5th Cir. 2020); *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).

Courts often consider various factors in determining the reliability of proffered scientific evidence, including: (1) whether the theory or procedure has been subjected to testing; (2) whether it has been subjected to peer review and publication; (3) the rate of error and the existence of standards controlling the theory or procedure; and (4) whether it has attained general acceptance. *See Daubert*, 509 U.S. at 593-94. These factors can "help to evaluate the reliability even of experienced-based testimony." *Kumho Tire*, 526 U.S. at 151. It may at times be appropriate for the Court to consider, for example, how often an expert's "experience-based methodology has produced erroneous results, or whether such a method is generally accepted in the relevant . . . community." *See id*.

The Court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire*, 526 U.S. at 157; *Burleson v. Tex. Dept. of Crim. Justice*, 393 F.3d 577, 587 (5th Cir. 2004); *Chan v. Coggins*, 294 F. App'x 934, 939 (5th Cir. Oct. 2, 2008). Where the challenged opinion "is fundamentally unsupported, then it offers no expert assistance to the jury." *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). In such cases, there is "simply too great an analytical gap between the data and the opinion proffered." *Chambers v. Exxon Corp.*, 247 F.3d 240, *2 (5th Cir. Jan. 5, 2001) (quoting *Gen. Elec. Co. v.*

*Joiner*, 422 U.S. 136, 146 (1997)).  "A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."  *McManaway v. KBR, Inc.*, 852 F.3d 444, 449 (5th Cir. 2017).

The Court's gatekeeping role is no substitute, however, for the adversarial process.  *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert,* 509 U.S. at 596; *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 852 (5th Cir. 2015).

## III.   FUNSCH MOTION

Plaintiff designated Kevin Funsch as his damages expert.  Based on the causation opinions in Hall's expert report ("Hall Report") [Doc. # 20-5], Funsch prepared an estimate ("Funsch Report") [Doc. # 20-4].  Funsch calculated the total repair cost for the damage to the Property at $20,798.07.  *See* Funsch Report, p. 6. State Farm argues that Funsch's opinion should be excluded because he conducted no independent investigation and, instead, relied on Hall's causation opinions.

State Farm has not moved to strike or exclude Hall's causation opinions, and Funsch's reliance on Hall's causation opinions is not a basis to exclude Funsch's opinion on damages.  It is not unusual in insurance coverage cases to have separate

causation and damages experts, and to have the damages expert rely on causation opinions from the separate expert.  In such cases, the causation expert, usually an engineer, identifies the damage caused by the allegedly covered event.  The damages expert, who is usually not an engineer, must rely on the causation expert to identify the damage caused by the event the insured claims caused the damage.  The Court rejects State Farm's challenge to Funsch's opinion based on his reliance on Hall's causation opinions.

It is important to acknowledge the limited nature of Funsch's opinion and anticipated testimony.  He does not offer any opinions on causation or coverage.  *See* Response [Doc. # 24], p. 4.  Therefore, he did not need to conduct an independent investigation of the Property to evaluate causation or coverage issues.  Instead, Funsch relied on the Hall Report's identification of the damaged areas, and used the quantities and measurements contained in State Farm's estimate to prepare his damages estimate. *See* Funsch Depo. [Doc. # 20-2], p. 5.

Funsch is offered as an expert to provide opinion testimony only on the cost to repair or replace the damaged areas identified in the Hall Report.  *See* Response, pp. 2, 4.  To prepare his estimate, he used the same Xactimate program that State Farm uses.  *See* Funsch Depo., pp. 37-38.  There is no basis on this record to exclude Funsch's damages opinion or to preclude him from testifying at trial on the limited

topic of the cost to repair or replace the damaged areas identified in the Hall Report.
As a result, the Funsch Motion is denied.

## IV.   <u>MORGAN MOTION</u>

Plaintiff designated Matthew Morgan as his expert on "Defendant's claims
handling and implications of failures to fulfill duties to Plaintiffs [*sic*] made the basis
of this lawsuit. . .."  Plaintiff's Designation of Expert Witnesses [Doc. # 16], p. 3.  In
his Report, Morgan expresses the opinions that "State Farm deviated from standard
claims practices by not completing a thorough investigation of the loss and therefore
committed bad faith," "did complete a timely inspection of the property," and "failed
to pay for damages found on the property from the reported loss."  Morgan Report
[Doc. # 22-3], ECF p. 22.

State Farm has moved to exclude Morgan's opinions and testimony because his
opinions lack a reliable methodology and are "untethered to any data."  Morgan
Motion, p. 1.  State Farm argues that Morgan's opinions are based on the inaccurate
belief that causation was not in dispute and the resulting assumption that State Farm's
claim decision was incorrect.

The Morgan Report contains background information on wind damage and roof
coverings that is brief, general, and incorrect.  *See id.* at ECF pp. 3-4.  Specifically,
Morgan incorrectly identifies the roof on the Property as asphalt rather than metal.

*See id.* at ECF p. 3.   Additionally, in the Morgan Report, he states that there "is evidence of Wind and Hail damage" to the Property.   *Id.*   Yet in his deposition, Morgan testified that he did not have enough information to determine if there was wind damage to the Property.  *See* Morgan Depo. [Doc. # 25-2], p. 27.  Indeed, after Morgan admitted that he saw no evidence of wind damage to the Property, he was asked why he wrote in his report "There is evidence of wind and hail damage to the home."  In response, Morgan answered, "I don't recall why I put that in there."  *See id.* at 89.

The Morgan Report contains various legal provisions, including sections cut-and-pasted from the Texas Insurance Code.  *See* Morgan Report at ECF pp. 4-7. Morgan identifies a textbook for claim handlers, and lists certain principles from that book.  *See id.* at ECF pp. 7-9.  The Morgan Report next includes photocopies of portions of the Policy and of what appear to be pages from State Farm's claim file. *See id.* at ECF pp. 10-22.  Morgan then states his conclusions, which are limited to the three statements set forth above.  *See id.* at ECF p. 22.  There is no explanation for the conclusions.  Specifically, Morgan makes no attempt in his Report to explain how the State Farm investigation was less than thorough.  He does not explain why he believes State Farm was required to pay for any damage for which they failed to pay.  Instead,

Morgan merely identifies legal and scholarly sources, then states broad and conclusory opinions without explanation.

In his deposition, Morgan admitted that he did not review any engineering reports or weather data relevant to Plaintiff's alleged Property damage, information he believes would have been helpful – indeed, "invaluable" – in reaching his opinions. *See* Morgan Depo., pp. 16-17; 23.  Morgan testified that he never spoke with Plaintiff. *See id.* at 20.  When asked if he believed he had sufficient information when he issued his report to reach conclusions regarding State Farm's claims handling, Morgan stated "I rendered an opinion based on the information I had available to me.  Again, like I stated, I would love to have additional information and would be happy to update this based on that additional information."  *Id*. at 22-23.

Plaintiff argues that Morgan during his deposition explained his methodology and the basis for his opinions regarding the alleged deficiencies in State Farm's handling of Plaintiff's claim.  *See* Response [Doc. # 25], p. 6.  Plaintiff does not, however, cite to any testimony in Morgan's deposition to support this assertion.  In the deposition, Morgan's attempts to explain his opinions were general and conclusory.  For example, Morgan testified "I said they didn't perform a thorough investigation, right.  So if I was the adjuster on this, there's things I would have done differently and more of or whatnot."  Morgan Depo., p. 45.  When pressed to identify

the evidence on which he based his opinion that the State Farm investigation of Plaintiff's claim was a violation of the Texas Insurance Code, Morgan testified that there was hail damage to a mercury light that occurred at some unknown time, *id*. at 67, that State Farm agreed to pay only $20.77 for debris removal which may or may not have occurred, *id*. at 70-71, and that there were four photographs of unknown origin purporting to show unidentified areas of the Property roof with hail damage, *id*. at 76; 83.

Fundamentally, Morgan's opinions in support of Plaintiff's extra-contractual claims are nothing more than "credentials and a subjective opinion" and, therefore, his "opinion that 'it is so' is not admissible." *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987)).  To establish reliability under *Daubert*, an expert must provide objective, independent support for his methodology.  *See Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013).  "The expert's assurances that he has utilized generally accepted [principles] is insufficient."  *Id*.  Morgan in his Report fails to describe any analysis, and he admits that the Morgan Report contains numerous factual inaccuracies and mistaken assumptions.  Because Morgan failed to base his opinions

on reliable methodology, the opinions are not admissible under Rule 702 and *Daubert*.[2]

The Court does not base its ruling on a consideration of whether it believes Morgan's opinions are correct or incorrect.  Instead, the Court bases its ruling on the absence of sufficient relevance and reliability, which renders the opinions unlikely to assist the jury.  *See Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005).  Therefore, the Court **grants** the Morgan Motion.

## V.   CONCLUSION AND ORDER

As explained above, it is hereby

**ORDERED** that State Farm's Motion to Limit the Testimony of Kevin Funsch [Doc. # 20] is **DENIED** and its Motion to Exclude the Testimony of Matthew Morgan [Doc. # 22] is **GRANTED**.

SIGNED at Houston, Texas, this  2nd  day of **February, 2021**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]   Morgan's opinions and testimony are also inadmissible because the jury is able to make its own decision on bad faith without expert testimony.  Morgan's conclusory opinions and testimony "would amount to simply telling the jury" that State Farm acted in bad faith and, therefore, the opinions are inadmissible as irrelevant. *See, e.g., Haymore v. Shelter Gen. Ins. Co.*, 2020 WL 1536571, *4 (S.D. Miss. Mar. 30, 2020).